UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 05-22547-CIV-MORENO

KIM ISBELL,

    Plaintiff,

vs.

CARNIVAL CORPORATION, d/b/a and/or f/k/a
CARNIVAL CRUISE LINES, INC.,

    Defendant.

_____/

### ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Defendant's Motion for Summary Judgment **(D.E. No. 30)** filed on **August 11, 2006**. Plaintiff brings this action for negligence under the General Maritime Law of the United States, the Passenger Vessel Act, 46 U.S.C. § 3501 *et seq.* Plaintiff alleges that Defendant was negligent by failing to warn of a dangerous condition and as a result, Plaintiff was bitten by a snake and suffered injury.

THE COURT has considered the motion, response, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is **GRANTED** for the reasons stated below.

### BACKGROUND

Plaintiff Kim Isbell and her husband, Jeff Isbell, were ticketed passengers on Defendant's vessel, the "Carnival Glory", which departed from Port Canaveral, Florida on September 18, 2004 and returned on September 28, 2004. Because Hurricane Jean was threatening the Eastern Carribean, the Carnival Glory was re-routed to the Western Carribean. Accordingly, the ship's second port of

call was Belize. Due to the change in itinerary, Defendant's personnel held a meeting aboard the vessel to advise passengers of the changes and of some possible excursions they could participate in while on shore.

Plaintiff alleges that "the passengers were specifically advised not to travel in Belize without joining a Carnival approved and supported excursion." (Plaintiff's Opposition to Defendant's Motion for Summary Judgment, p. 2) (hereinafter "Pla. Opp.") According to Plaintiff, the Defendant's cruise director described the "Cave Tubing and Rain Forest Exploration" excursion in Belize as being Defendant's "number one" excursion, and stated that "any 90-year old woman" could safely enjoy the excursion. (K. Isbell, p. 99, ln. 10-24; S. Whitaker, p.23, ln. 18; p. 24, ln. 9; p. 29, ln. 12-15; p. 30, ln. 9-11). Plaintiff alleges that an agent of Defendant told her that "people took this [excursion] all the time and there were no incidents of any problems." (K. Isbell, p. 101, ln. 15-23). Plaintiff alleges that she specifically asked Defendant's employee who was selling the tickets to the excursion "if there were any alligators, snakes, bugs, spiders, anything [she] needed to be concerned about." Plaintiff claims that Defendant responded that passengers took this excursion all the time and that there was no need for concern. (K. Isbell, p. 101, ln. 11-25; p. 106, ln. 1-4).

The Cave Tubing shore excursion was operated by third party, Belitur, Ltd. The excursion consisted of floating down a river in the rain forest, in and out of caves, while on an inner tube. Plaintiff and her husband chose to participate in this excursion. During the course of the excursion, Plaintiff began to feel ill. Plaintiff's husband removed her life vest and noticed two small puncture wounds on her left upper arm. Upon further investigation, it was determined that Plaintiff had been bitten by a snake. Plaintiff was taken to the nearest medical facility and administered antivenin for

fear that the snake was poisonous. That afternoon, Plaintiff and her husband left the hospital and Plaintiff "was feeling 100 times better than when [she] got there." (K. Isbell, p. 157, ln. 22). Although the vessel was not able to wait for them, the following day Plaintiff and her husband were transported to Cozumel, Mexico and rejoined the cruise. Plaintiff completed the remainder of the cruise and returned to Port Canaveral on September 28, 2004.

On the day of her return, Plaintiff went to visit her primary care physician and cardiologist, Dr. Naveen Saxena. Dr. Saxena did not find any physical manifestations that appeared to be the result of the snake bite or antivenin. (Saxena Depo., p. 27-28). In fact, approximately one month before the departure of the cruise, Dr. Saxena has discussed with Plaintiff her elevated risk for coronary heart disease due to factors including her cholesterol, hemoglobin and diabetes.

On October 29, 2004, Plaintiff allegedly suffered a heart attack. Subsequently, Plaintiff underwent a successful cardiac surgery. Plaintiff was able to return to work three months after her surgery. Plaintiff alleges that the snake bite and the treatment that she received as a result thereof have caused a "myriad long term physical and psychological effects that are compensable in this action" and that she continues to "suffer effects from this trip." (Pla. Opp., p. 3).

Plaintiff's passenger ticket to board Defendant's ship includes an exculpatory clause. Specifically, Paragraph 13(a) of said passenger ticket states:

> Guest acknowledges that all shore excursions/tours (whether conducted in the water, on land or by air) . . . are either operated by or are independent contractors … Guest agrees that Carnival assumes no responsibility, does not guarantee performance, and in no event shall be liable for any negligent or intentional acts or omissions, loss, damage, injury, or delay to Guest . . . in connection with said services.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment is authorized where there is no genuine issue of material fact. Fed. R. Civ. P. 56 (c). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The party opposing the motion for summary judgment may not simply rest upon mere allegations or denials of the pleadings; the non-moving party must establish the essential elements of its case on which it will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The nonmovant must present more than a scintilla of evidence in support of the nonmovant's position. A jury must be able reasonably to find for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986). Moreover, the Eleventh Circuit "has consistently held that conclusory allegations without specific supporting facts have no probative value." *Evers v. Gen. Motors Corp.,* 770 F.2d 984, 986 (11th Cir. 1986). The moving party may meet its burden with respect to summary judgment by pointing out to the court the "absence of evidence to support the non-moving party's case." *Celotex*, 477 U.S. at 324. "The failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment." *Henderson v. Carnival Corp.,* 125 F. Supp. 2d 1375, 1376 (S.D. Fla. 2000).

Plaintiff maintains that summary judgment is inappropriate because there remain genuine issues of material fact. However, although the Court views all facts in the light most favorable to the Plaintiff, it finds Plaintiff still fails to provide the facts necessary to support this contention.

## ANALYSIS

### I. Applicable Law

The analysis of Defendant's Motion for Summary Judgment is governed by federal maritime law as this case arises from torts accruing on navigable waters. *Jackson v. Carnival Cruise Lines, Inc.*, 203 F. Supp. 2d 1367, 1373 (S.D. Fla. 2002); *see Rindfleisch v. Carnival Cruise Lines, Inc.*, 498 So.2d 488 (Fla. Dist.Ct. App. 1986); *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318 (11th Cir. 1989); *Carlisle v. Ulysees Line Ltd., S.A.*, 475 So.2d 248 (Fla. Dist.Ct. App. 1985) ("since the negligence cause of action is founded on a maritime tort, we are bound to apply the controlling federal maritime law"). In the absence of applicable maritime law, courts are free to apply the reasoning used in other federal circuits. *Carlisle*, 475 So.2d at 250.

### II. The Exculpatory Clause

Plaintiff and Defendant agree that Belitur, Ltd., a separate and distinct third party, owns and operates the Cave Tubing shore excursion in Belize. In *Henderson*, the court concluded that Carnival Corp. is entitled to limit its liability for the acts of non-employees on a shore excursion. 125 F.Supp. 2d 1375. In that case, passengers aboard a Carnival cruise ship sued Carnival Corp. seeking damages for injuries sustained during a shore excursion involving a catamaran. The court concluded that Carnival Corp. did not own the catamaran on which the passengers were injured during an excursion away from the cruise ship. The fact that Carnival did not own or operate the excursion coupled with the exculpatory clause included in the passenger ticket contract was sufficient evidence to grant summary judgment in favor of Carnival Corp. *Id.* at 1377.

The case before us also presents an injury which occurred while Plaintiff was on a shore excursion operated by Belitur, Ltd. - an independent third party.  Moreover, a similar exculpatory clause was included in Plaintiff's passenger ticket.  Nonetheless, Plaintiff claims that this action is distinguishable because "this claim is based on the acts of Carnival employees [not the third party] that occurred *on board* the vessel, the false descriptions of the actual conditions prevalent on the shore excursion and the false representations that there were no concerns relating to snakes or reptiles."  (Pla. Opp., p. 5) (emphasis added).  Accordingly, Plaintiff alleges that Defendant's exculpatory clause does not apply pursuant to its own terms.

Assuming arguendo Plaintiff successfully distinguishes this case from *Henderson* and the Court concludes that Defendant's exculpatory clause does not apply here, Plaintiff nonetheless fails to provide sufficient evidence or legal support to maintain this negligence cause of action.

**III. Negligence**

To satisfy the burden of proof in a negligence action, plaintiff must show: (1) that defendant owed plaintiff a duty; (2) that defendant breached that duty; (3) that this breach was the proximate cause of plaintiff's injury; and (4) that plaintiff suffered damages. *Hasenfus v. Secord*, 962 F.2d 1556, 1559-60 (11th Cir. 1992); *see Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 999 (11th Cir. 1992).  Each element is essential to Plaintiff's negligence claim and Plaintiff cannot rest on the allegations of her complaint in making a sufficient showing on each element for the purposes of defeating summary judgment. *Tipton*, 965 F.2d at 999.

### A. Plaintiff fails to provide sufficient evidence to show how Defendant breached the duty of care owed to Plaintiff

Plaintiff fails to provide sufficient evidence to support its negligence action against Defendant because it fails to show how Defendant breached its duty of care to Plaintiff. It is a settled principle of maritime law that a shipowner owes passengers the duty of exercising reasonable care under the circumstances. *Kemarec v. Compagnie Generale Transatlantique*, 358 U.S. 625 (1959); *see also Luby v. Carnival Cruise Lines*, Inc., 633 F.Supp. 40 (S.D. Fla. 1986). Although Plaintiff alleges that Defendant assured her that "any 90-year old woman" could safely enjoy this excursion, or that passengers took this excursion all the time and that there was no need for concern, it is well-settled that "[a] general promise that the trip will be 'safe and reliable' does not constitute a guarantee that no harm will befall plaintiff." *Wilson v. American Trans Air, Inc.*, 874 F.2d 386, 391 (7th Cir. 1989); *see also Passero v. DHC Hotels and Resorts*, 981 F. Supp. 742, 745 (D. Conn. 1996); *Tucker v. Whitaker Travel, Ltd.*, 620 F. Supp. 578, 585-86 (E.D. Pa. 1985); *Lavine v. General Mills, Inc.*, 519 F. Supp. 332, 336-38 (N.D. Ga. 1981). Furthermore, even if Plaintiff is able to prove that Defendant did made specific promises and guarantees that no harm would befall her on the excursion, Plaintiff fails to provide the Court with any case law or legal authority supporting the argument that the transmission of false or mistaken information in this case was negligent.

In addition, Plaintiff fails to show that Defendant had knowledge of a dangerous condition and failed to warn her. The applicable standard of reasonable care "requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition." *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989). Furthermore, while Defendant has a duty to warn the passengers of dangers, "this obligation extends only to those

dangers which are not apparent and obvious to the passenger." *Luby*, 633 F. Supp. at 41 (*citing N.V. Stoomvaart Maatschappij Nederland v. Throner*, 345 F.2d 472 (5th Cir. 1965)).

Here, the "risk-creating condition" was the risk that there could potentially be snakes in the river of the rainforest. Plaintiff alleges that "there is no question that [Defendant] either had constructive notice of the presence of poisonous snakes in the cave, or was negligent in its failure to assess that risk." (Pla. Opp., p. 7). However, Plaintiff provides no factual support for this allegation. Rather, Plaintiff maintains that "[t]he fact that the snake bite occurred is sufficient proof [that potential for a snake bite exists]." In other words, the Plaintiff is arguing that Defendant "should have known" that a dangerous condition existed simply because of the fact that Plaintiff was bitten by a snake on this excursion. However, Plaintiff's reasoning is flawed. The mere fact that an accident occurred does not give rise to a presumption of a dangerous condition. *Clyde Bar, Inc. v. McClamma*, 152 Fla. 118, 119 (Fla. 1943); *see also Winn-Dixie Stores, Inc. v. White*, 675 So.2d 702, 703 (Fla. Dist.Ct. App. 1996).

In fact, the only evidence in the record with respect to this issue are the affidavits of Amilcar Cascais, Director of Tour Operations for Defendant, and Derryl Bellini, General Manager of Belitur, Ltd., who testify for their respective corporations that they are not aware of any snake bites on this excursion during the history of its existence. Therefore, to its detriment, Plaintiff offers no evidence of a dangerous condition on the excursion other than the fact that her accident occurred. This alone is insufficient evidence to support its allegation that Defendant had constructive notice of the danger.

Furthermore, this duty to warn extends to known dangers which are **not apparent or obvious**. *Luby*, 633 F. Supp. at 41 (emphasis added). Although Plaintiff had never been to a rain forest, surely she understood that this excursion would be conducted outdoors and would involve

floating on a river, in which animals are often found. Similarly, when an individual goes swimming in the ocean, they are aware that there may be jellyfish or other sea creatures, notwithstanding others assertions that there is nothing to be afraid of because people swim in the ocean all the time and no harm comes to them. The individual may then choose whether to take the risk; but the risk, nonetheless, is obvious and apparent, just as it was here.

### B. Plaintiff fails to show that Defendant's negligence was the proximate cause of her injuries

Plaintiff fails to satisfy the causation element of this negligence action. Instead, Plaintiff maintains that "the fact of the matter is that [Plaintiff] was bitten by a snake, developed health problems as a result, and suffered compensable damages as a result." (Pla. Opp., p. 10). Plaintiff mistakenly asserts that "assuming the court agrees that there is sufficient evidence that [Defendant] breached a duty to [Plaintiff], there is no issue for summary judgment." (Pla. Opp., p. 10). This incorrectly states the standard that Plaintiff needs to satisfy in order to defeat Defendant's Motion for Summary Judgment. It is well-settled that each element, including causation, is essential to Plaintiff's negligence claim for purposes of defeating summary judgment and Plaintiff cannot rest on the allegations of her complaint. *Tipton*, 965 F.2d at 999.

Plaintiff maintains that with respect to causation, the issue of whether her injuries were caused by the snake bite or by the antivenin, is an issue to be decided by the jury. (Pla. Opp., p. 9). Plaintiff provides no legal authority to support this argument. Moreover, there is no testimony or evidence, other than Plaintiff's own personal opinion, that her damages resulted from the alleged snake-bite or antivenin. In fact, Dr. Saxena did not find any physical manifestations that appeared to be the result of the snake bite or antivenin. (Saxena, p. 27-28).

Plaintiff cannot rest on the allegations of her complaint, as she does here. Plaintiff's failure to prove an essential element necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment. *Henderson*, 125 F. Supp. At 1376; *Tipton*, 965 F.2d at 999.

## CONCLUSION

Plaintiff has failed to satisfy her burden of proof to defeat Defendant's Motion for Summary Judgment. Although it is unfortunate that Plaintiff was bitten by a snake on the shore excursion recommended by Defendant, this alone is not sufficient to hold Defendant liable. Defendant is not the insurer of the safety of the passengers. Merely because an accident occurs, a carrier does not become liable to a passenger. *Luby*, 633 F. Supp. At 41. Because Plaintiff has failed to provide sufficient evidence to support this cause of action for negligence, summary judgment should be **GRANTED** in favor of Defendant

DONE AND ORDERED in Chambers at Miami, Florida, this 20th day of November, 2006.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:  Counsel of Record